J-S74022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD ABRAHAM CARTER | |
| Appellant | No. 3580 EDA 2015 |

Appeal from the Judgment of Sentence October 13, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001010-2014

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED January 12, 2017**

Ronald Abraham Carter appeals from the judgment of sentence entered on October 13, 2015, in the Court of Common Pleas of Monroe County following his conviction by jury of possession with intent to deliver heroin (PWID), possession of heroin, and possession of drug paraphernalia.[1] Carter received an aggregate sentence of 150 to 312 months' (12½ to 26 years) incarceration. In this timely appeal, Carter claims the trial court erred in failing to dismiss the charges against him where the Commonwealth violated the requirements of Pa.R.Crim.P. 600 regarding speedy trials, and also abused its discretion in sentencing Carter based upon its reliance on an

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(A)(30), (A)(16) and (A)(32) respectively. Carter was acquitted of conspiracy to commit those crimes.

improper offense gravity score and failure to state adequate reasons for issuing a sentence outside the guidleines. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We quote the trial court's Pa.R.A.P. 1925(a) opinion for the underlying facts supporting the crimes charged:

> The charges stem from a traffic stop. Specifically, on January 29, 2014, the Pennsylvania State Police (PSP) stopped the rental car in which [Carter] was riding as a passenger. Neither [Carter] nor his co-defendant, Taquece Chitty (Chitty), the driver, was the lessee. A search of the vehicle yielded 31 pounds of heroin that was packaged for sale[2] and concealed in Christmas wrapping paper and sheets from pornographic publications. As a result, [Carter] and Chitty were charged with Possession of Heroin, Possession with Intent to Deliver (PWID) Heroin, Possession of Drug Paraphernalia, and Conspiracy to commit these crimes.

Trial Court Opinion, 3/28/2016, at 1-2.[3]

Carter's first issue is a claim the trial court erred in failing to dismiss the charges against him due to a violation of his right to a speedy trial. The gist of Carter's complaint is that he was charged in the underlying matter on

---

[2] The certified record reflects the heroin was packaged in more than 65,000 individual packets, in aggregate weighing more than 14,370 grams (14.37 kilograms).

[3] Chitty was reportedly acquitted of all charges. **See** N.T. Sentencing, 10/13/2015, at 11.

January 30, 2014 but was not tried until July 7, 2015,[4] more than 500 days after being charged.

Initially,

Our standard and scope of review in analyzing a Rule 600 issue are both well-settled.

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

_____

[4] Pursuant to Rule 600, trial commences "when the trial judge determines that the parties are present and directs them to proceed to *voir dire*…" Pa.R.Crim.P. 600, Comment.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Commonwealth v. Patterson**, 19 A.3d 1131, 1134-35 (Pa. Super. 2011) (citation omitted).

Rule 600 was amended in 2012. All relevant actions took place after the date of amendment, therefore this matter will be decided under the amended rule, which states in relevant part:

> (A) Commencement of Trial; Time for Trial
>
> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.
>
> (2) Trial shall commence within the following time periods.
>
>> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.[5]
>
> (C) Computation of Time
>
> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must

---

[5] Carter was not subject to pretrial detention. Accordingly, the Commonwealth had 365 days, per rule 600(A)(2)(a), to bring Carter to trial.

commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

The trial judge, the Honorable Jonathan Mark, has provided a thorough recitation of the procedural history of this matter coupled with an able analysis regarding the delays contained therein. *See* Trial Court Opinion, 3/28/2016, at 10-27. We adopt that recitation and analysis in determining Carter is not entitled to relief on this issue. Here, we simply quote the summary provided by the trial court on page 26 of the opinion:

- February 6 to April 3, 2014 (56 days) – [Carter's] requests for continuances of the preliminary hearing

- April 3 to May 15, 2014 (42 days) – Preliminary hearing continuance necessitated by unavailability of PSP affiant

- August 20 to September 3, 2014 (14 days) – Pendency of bench warrant for [Carter's] failure to appear

- September 3 to October 2, 2014 (29 days) – relisting delay occasioned by [Carter's] failure to appear for September trial conferences

- September 15, 2014 to March 3, 2015 (89 days) (Total of 169 days less (1) the 17 day overlap with the relisting delay (see above); and (2) the 63 day trial continuance from December 2014 to February 2015) – Period of time from consolidation until Chitty's case was relisted after omnibus denied

- March 3, 2015 to May 5, 2015 (35 days) – Continuance necessitated by motion to withdraw filed by Chitty's attorney

Total Excludable Days: 265

Trial Court Opinion, 3/28/2016 at 26 (footnote omitted). The trial court notes there were 523 days from January 30, 2014 to the commencement of trial on July 7, 2015. *Id*.

Subtracting the 265 days of excludable time from the 523 days of actual time it took to begin the trial, we are left with 258 days. This amount of time is well within the 365 days allowed under Rule 600. Accordingly, Carter's right to a speedy trial was not violated and the trial court did not err in refusing to dismiss the charges against him.

Carter's second claim is that the trial court abused its discretion in sentencing him based upon an offense gravity score (OGS) of 13 (relating to the weight of the heroin) where the weight of the drugs was not determined by the jury.

> A claim that the sentencing court used an incorrect OGS is a challenge to the discretionary aspects of one's sentence. *Commonwealth v. Lamonda*, 52 A.3d 365, 370-371 (Pa. Super. 2012).
>
> It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:
>
>> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

> sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).
>
> *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

*Commonwealth v. Williams*, ___ A.3d ___, 2016 PA Super 262, at *4 (11/23/2016).

All four of the initial factors have been met,[6] and accordingly, we will address Carter's claim. PWID is an ungraded felony. Sentencing is based, in part, on the amount of heroin possessed. *See* 240 Pa. Code § 303.15. Understandably, the more heroin possessed, the higher the possible sentence. This fact is reflected in the sentencing guidelines, specifically in the OGS. The OGS for PWID (heroin) ranges from 6 (possession of less than one gram) to 13 (possession of greater than 1000 grams). *Id*. at 44. The difference in the standard range guideline sentence, between an OGS 6 and OGS 13 crime, can be substantial. Carter had a prior record score (PRS) of 5. The standard range minimum sentence, applying an OGS of 6, is between 21-27 months' incarceration. However, applying an OGS of 13, the standard range minimum sentence becomes 96-114 months' incarceration. It is important to note that this sentencing scheme is the recommendation of

---

[6] The appeal, as noted above, is timely; Carter raised the issue regarding the OGS at sentencing, thereby preserving the issue; Carter has included a Pa.R.A.P 2119(f) statement in his brief; and the issue, application of an incorrect OGS, raises a substantial question, *see Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2008) (claim that sentencing court used incorrect offense gravity score raises a substantial question).

the sentencing guidelines and does not reflect a mandatory minimum sentence.

Here, the laboratory report from the Pennsylvania State Police Bureau of Forensic Services, stated that over 14,300 grams of heroin was confiscated from Carter. Clearly, that amount was sufficient to support the OGS 13 that was utilized by the trial court in fashioning Carter's sentence. However, Carter now asserts that before the amount of drugs can be used to raise the OGS, that amount must be proven to the jury. Carter bases this argument on the United States Supreme Court cases *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. Super. 2015); *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015); *Commonwealth v. Ferguson*, 107 A.3d 206 (Pa. Super. 2015); and *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014). *See* Appellant's Brief at 21. The common denominator in all of these cases is the requirement that the government prove beyond a reasonable doubt whatever factor is relied upon to extend the maximum sentence a defendant is subjected to (*Apprendi*)[7] or that forms the basis of a mandatory

_____

[7] "*Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime-and thus the domain of the jury-by those
*(Footnote Continued Next Page)*

minimum sentence (*Alleyne* and the cited Pennsylvania cases).[8]   The OGS

does neither.   The OGS is a factor in the Pennsylvania Sentencing

Guidelines.   The other factor is the defendant's PRS.   Together, these two

make up the "Y" and "X" axes respectively of the sentencing guideline

matrix.   Where the two factors intersect on that matrix provides the

recommended "standard range" minimum sentence for the defendant.

For the purposes of this appeal, what is particularly notable about this

process is the fact that,

> [T]he guidelines have no binding effect, create no presumption
> in sentencing, and do not predominate over other sentencing
> factors – they are advisory guideposts that are valuable, may
> provide an essential starting point, and that must be respected
> and considered; they recommend, however, rather than require
> a particular sentence.

*Commonwealth v. Holiday*, 954 A.2d 6, 13 (Pa. Super. 2008) (*quoting*

*Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007)).   Because the

sentencing guidelines require neither mandatory action by the trial court nor

extend the maximum sentence beyond statutory limits, the cases cited by

---

*(Footnote Continued)*

who framed the Bill of Rights." *Commonwealth v. Newman*, 99 A.3d 86, 96 (Pa. Super. 2014).   The statutory maximum sentence for PWID as applicable to Carter was 30 years' incarceration.   *See* 35 P.S. §§ 780-113(f)(1) and 780-115(a).

[8] "In *Alleyne,* the Supreme Court held that 'facts that increase mandatory minimum sentences must be submitted to the jury' and must be found beyond a reasonable doubt. *Alleyne, supra* at 2163." *Commonwealth v. Wolfe*, 106 A.3d at 802.

Carter are inapplicable herein. Further, Carter has provided no compelling argument demonstrating why due process considerations should apply the **Apprendi**/**Alleyne** reasoning to the sentencing guidelines. Accordingly, Carter is not entitled to relief on this aspect of his sentencing claim.

Carter also claims the trial court abused its discretion by issuing a sentence above the aggravated range without citing legitimate aggravating factors. This claim raises a substantial question, allowing for our review. **See Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012) (failure to state sufficient reasons for imposing sentence outside sentencing guidelines raises substantial question that sentence was not appropriate under sentencing code).

Initially, we note that Carter is correct in asserting his 144 month minimum sentence for PWID is outside of the guidelines. Even using the OGS 13, an aggravated range sentence for the crime is 126 months. Carter's sentence is 18 months longer than an aggravated range sentence. However, the certified record belies Carter's allegation that the trial court provided insufficient reasons for imposing that sentence. The trial court's reasoning is found on pages 16-21 of the notes of testimony for the sentencing hearing, which we incorporate by reference in this decision. **See** N.T. Sentencing Hearing, 10/13/2015, at 16-21. The trial court specifically stated the factors he considered in formulating the sentence, the pre-sentence investigation report, Carter's letter to the court in which he again

blamed his co-defendant and the "staggering" amount of drugs (valued at approximately $1,000,000.00) that had been confiscated.

Our review of the certified record confirms the trial court stated ample reasons for imposing the lengthy sentence. Therefore, Carter is not entitled to relief on this aspect of his sentencing claim.

Judgment of sentence affirmed. Parties are directed to attach pages 10-27 of the trial court's Pa.R.A.P. 1925(a) opinion and pages 16-21 of the notes of testimony from the sentencing hearing, both of which are referenced above, in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2017